# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__MARK GEORGE BAILEY__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-20699-17

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

4/3/12
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

This is a presumption case. Defendant is charged by way of superceding indictment with Conspiracy to Possess with Intent to Distribute Controlled Substances. Defendant is allegedly associated with a major drug trafficking organization which is responsible for bringing into the Eastern District of Michigan 100 kg - 300 kgs of cocaine every month between 2008 and 2011. Allegedly this cocaine comes from the Guzman cartel out of Mexico. There appear to be two distinct cells that provide this cocaine and Defendant works for one of them. He has been apprehended twice with large amounts of cocaine on his possession. On 8/28/11 he transported 75 kilograms of cocaine to a warehouse in Wyandotte, Michigan which was delivered by Defendant directly to Defendant #7 (Czach) for distribution. On September 11, 2011 Defendant was stopped in Pueblo, Colorado and 100 kilograms of cocaine was removed from his possession.

Defendant is 38 years old, married with three children. He lives in California and has no ties to this district. He is a high school graduate, is employed as a custom body shop manager and in the past has worked as an electrician. He maintains close contact with his mother but has had no contact with his father for 20 years. He has a sister with whom he has minimal contact as well.

His criminal record reflects that his last contacts with the authorities are 15 years old. He has two failures to appear on his record (theft, grand theft), and in 1995 his California drivers license was suspended, and currently remains suspended, for failing to appear. He also has one outstanding warrant.

There is a report that when he was interviewed in California by Pretrial Services that he failed to give a complete and candid history regarding his past criminal record.

Defendant has no ties to this district. The quantity of drugs found on his person on two separate occasions is significant. There has been a history of failure to appear, albeit not recent. At this time Defendant has failed to rebut the presumption of detention. Because of his past history of failures to appear, defendant does pose a risk of flight. Because the evidence is strong that he was twice apprehended with cocaine on his person (175 kilos total) which he was in the process of delivering to a known DTO member here in this district, Defendant poses a danger to the community. There is no condition or combination of conditions that would assure the safety of the community or defendant's appearance in court. **Therefore Detention is Ordered.**